<table>
<tr><td>

DISTRICT COURT, BACA COUNTY, COLORADO<br>
741 Main Street, Suite 5<br>
Springfield, Colorado 81073<br>
719-523-45555<br><br>

**Plaintiff(s):** JASON HETRICK<br><br>

v.<br><br>

**Defendant(s):** BRANDON P. WOODS, RYDER TRUCK RENTAL, INC., a Florida corporation, and KEHE DISTRIBUTORS a/k/a KEHE ENTERPRISES LLC, an Illinois corporation<br><br>

Attorney for Plaintiff:<br><br>

A Gary Bell, Jr., No. 6788<br>
BELL & POLLOCK, P.C.<br>
5660 Greenwood Plaza Blvd, Suite 220<br>
Greenwood Village, Colorado 80111<br>
Telephone: 303-795-5900<br>
Facsimile: Not Designated<br>
E-mail: Not Designated

</td><td>

DATE FILED: April 12, 2018 4:00 PM<br>
FILING ID: 1E2AA97E35B89<br>
CASE NUMBER: 2018CV30002<br><br>

▲ COURT USE ONLY ▲<br><br>

Case No.:<br>
Div.:

</td></tr>
</table>

**COMPLAINT AND JURY DEMAND**

COMES NOW, the Plaintiff, Jason Hetrick, by and through his attorneys, BELL & POLLOCK, P.C., and for his Complaint against the Defendants Brandon Woods, Ryder Truck Rental, Inc., and KeHE Distributors a/k/as KeHE Enterprises, LLC, and each of them, states and alleges as follows:

1.    Plaintiff Jason Hetrick is an individual who is a resident and domiciliary of the State of Colorado.

2.    Defendant Brandon Woods (hereinafter named as Defendant or Woods) is a resident and domiciliary of the State of Texas.

3.    Defendant Ryder Truck Rental, Inc. is a Company organized in the State of Florida and doing business in the State of Colorado (hereinafter named as Defendant Ryder Truck).

4.    Defendant KeHE Distributors a/k/a KeHE Enterprises, LLC is a Company organized in the State of Delaware, with the principal address in the State of Illinois

1

and is doing business in the State of Colorado (hereinafter named as Defendant KeHE).

5.    For the purposes of this pleading, Defendant KeHe Distributers is the same is KeHE Enterprises.

6.    Defendant Woods was, at all times material hereto, an agent, representative, independent contractor, contract party, and/or employee of Defendant Ryder Truck.

7.    Defendant Woods was, at all times material hereto, an agent, representative, independent contractor, contract party, and/or employee of Defendant KeHE.

8.    Venue is proper in this matter pursuant to C.R.C.P. Rule 98.

9.    On or about April 13, 2015, at approximately 4:17 pm, Plaintiff Jason Hetrick was operating his vehicle and was traveling northbound on Colorado Highway 287.

10.    Plaintiff was involved in a crash caused by Defendant Woods.

11.    The subject Semi and/or Tractor-trailer had Texas license plate no. RR6X88, Vehicle Identification No. 4V4NC9TH8DN147893, and Trailer Vehicle Identification No. 1UYVS2483DM734501 (hereinafter referred to as the "semi" or "tractor-trailer" or "truck").

12.    At the same time and place, Defendant Woods, operating a 2013 Volvo TT Semi-Truck and trailer, was traveling southbound on Colorado Highway 287.

13.    Colorado Highway 287 is a two-lane highway.

14.    Defendant Woods entered a no passing zone, passed another Semi-Truck, and crashed into Plaintiff's vehicle head-on.

15.    Upon information and belief, the Tractor-trailer driven by Defendant Woods was and is owned by Defendant Ryder Truck.

16.    Upon information and belief, Defendant KeHE is the carrier operating the tractor-trailer driven by Defendant Woods.

17.    Defendant woods crossed the double yellow line in a no passing zone and crashed into Plaintiff's vehicle.

18.    Defendant Woods crossed the double yellow line in a no passing zone, traveled in the opposite direction of traffic, and crashed head-on into Plaintiff's vehicle.

19.   Defendant Woods crossed the double yellow line in a no passing zone, drove on the left half of the roadway in the opposite direction of traffic, and crashed head-on into Plaintiff's vehicle.

20.   Defendant Woods crossed the double yellow line in a no passing zone, drove on the left half of the roadway in the opposite direction of traffic, failed to yield to Plaintiff, who had the right-of-way, and crashed head-on into Plaintiff's vehicle.

21.   Defendant Woods crossed the double yellow line while passing another tractor-trailer, entered a no passing zone, and crashed into Plaintiff's vehicle.

22.   Defendant Woods attempted to pass another tractor-trailer in the left half of the roadway while approaching a grade in the highway, which obstructed his view, and crashed head-on into Plaintiff's vehicle.

23.   Defendant Woods was not paying attention and collided into Plaintiff's vehicle.

24.   Defendant Woods was not paying attention and crashed into Plaintiff's vehicle.

25.   The vehicle operated by Defendant Woods (which was owned by Defendant Ryder Truck) collided into the vehicle being driven by Plaintiff Hetrick.

26.   Defendant Woods was driving the Tractor-trailer owned by Defendant Ryder Truck, and operated by Defendant KeHE.

27.   Defendant Woods was the driver of the Tractor-trailer.  Upon information and belief, he was authorized by Defendant Ryder Truck to be the Driver of the Tractor-trailer and to drive the Tractor-trailer.

28.   Defendant Woods was the driver of the Tractor-trailer.  Upon information and belief, he was authorized by Defendant KeHE to be the Driver of the Tractor-trailer and to drive the Tractor-trailer.

29.   At all material times, Defendant Woods was an employee, agent, servant, independent contractor, contractor, and/or representative of Defendant Ryder Truck.

30.   At all material times, Defendant Woods was an employee, agent, servant, independent contractor, contractor, and/or representative of Defendant KeHE.

31.   Upon information and belief, Defendant Ryder Truck authorized and allowed Defendant Woods to drive and operate the Tractor-trailer owned by Defendant Ryder Truck and operated by Defendant KeHE.

32.  Upon information and belief, Defendant KeHE authorized and allowed Defendant Woods to drive and operate the Tractor-trailer owned by Defendant Ryder Truck and operated by Defendant KeHE.

33.  Defendant Ryder Truck authorized and allowed Defendant KeHE to operate the Truck, as a carrier, and improperly entrusted Defendant KeHE, including as a carrier, including selecting its drivers, and its operations.

34.  At the time of the collision, Defendant Woods was a permissive driver of the Tractor-trailer.

35.  Defendant Woods operated the Tractor-trailer negligently.

36.  Defendant Woods crashed into Plaintiff's car.

37.  Defendant Woods was driving the Tractor-trailer recklessly.

38.  Defendant Woods was driving the Tractor-trailer carelessly.

39.  Defendant Woods's driving caused the crash.

40.  Defendant Woods's driving caused the crash between the Tractor-trailer and Plaintiff's vehicle.

41.  Defendant Woods's driving was a cause of the crash.

42.  There was damage to Plaintiff's vehicle.

43.  At all material times hereto, Defendant Ryder Truck allowed and permitted Defendant Woods to drive the Tractor-trailer, which was involved in this collision.

44.  At all material times hereto, Defendant KeHE allowed and permitted Defendant Woods to drive the Tractor-trailer, which was involved in this collision.

45.  At all material times hereto, Defendant Ryder Truck and/or Defendant KeHE, should have fulfilled their duties to select, obtain, and entrust drivers who do not cross double yellow lines into a no passing zone while attempting to pass another semi-truck.

46.  Defendant Woods was under a duty to maintain a proper lookout.

47.  Defendant Woods was under a duty to not pass another vehicle and/or Semi-Truck in a no passing zone.

48.  Defendant Woods was under a duty to not drive in the opposite direction of traffic.

49.     Defendant Woods was under a duty to not drive in the left half of the roadway, in the opposite direction of traffic.

50.     Defendant Woods was under a duty to yield to vehicles that have the right-of-way.

51.     Defendant Woods was under a duty to exercise reasonable care, and to properly drive the Tractor-trailer.

52.     Defendant Woods was under a duty to properly drive the Tractor-trailer, and avoid crashing into Plaintiff's vehicle.

53.     Defendant Woods had a duty and obligation to see what he, as a driver, could and should have seen and to exercise reasonable care.

54.     Defendant Woods breached his duties imposed upon him by law, including those outlined in all paragraphs above.

55.     Defendant Woods should have seen the no passing zone.

56.     Defendant Woods should have stopped before crashing into Plaintiff's vehicle.

57.     Defendant woods should have taken all reasonable measures to avoid crashing into Plaintiff's vehicle and endangering another person's life.

58.     Defendant woods should have yielded the road to Plaintiff's vehicle, which had the right-of-way.

59.     Defendant Woods should have avoided the collision by not passing another Semi-Truck in a no passing zone.

60.     Defendant Woods should have seen Plaintiff's vehicle in time to properly drive and control his truck, without causing a crash.

61.     Plaintiff had a right to believe that Defendant Woods would comply with the rules of the road.

62.     Defendant Woods violated one or more Colorado statutes.

63.     One of the rules is that a driver should not hit another vehicle head-on.

64.     One of the rules is that a driver should not pass another vehicle in a no passing zone.

65.     One of the rules is that a driver should not drive in the opposite direction of traffic.

66.   One of the rules is that a driver should not drive in the left half of the roadway, in the opposite direction of traffic.

67.   One of the rules is that a driver should yield to other drivers who have the right-of-way.

68.   One of the rules is that a driver should not crash into another vehicle.

69.   One of the rules is that a driver should exercise reasonable care.

70.   Plaintiff did nothing to cause this crash.

71.   Plaintiff was not negligent in causing this crash.

72.   As a result of the crash, Plaintiff was injured.

73.   If Defendant Woods had exercised appropriate reasonable care, Defendant Woods would not have crashed into Plaintiff's vehicle.

74.   Defendant Woods's driving caused property damage to Plaintiff's vehicle.

75.   Defendant Woods's driving caused property damage to the Tractor-trailer he was driving.

76.   Upon information and belief, Defendant Woods was distracted while driving the Tractor-trailer.

77.   Defendant Woods, at the time of the crash, was going too fast to stop in time.

78.   Defendant Woods was traveling in excess of 25 miles per hour at the time of this crash.

79.   Defendant Woods was traveling in excess of 30 miles per hour at the time of this crash.

80.   Defendant Woods was traveling in excess of 40 miles per hour at the time of this crash.

81.   Defendant Woods was traveling in excess of 50 miles per hour at the time of this crash.

82.   Defendant Woods was traveling in excess of 60 miles per hour at the time of this crash.

83.   By Defendant Woods breaching his duties, he caused the Plaintiff injuries.

84.    By Defendant Woods breaching his duties, he caused the Plaintiff losses.

85.    By Defendant Woods breaching his duties, he caused the Plaintiff damages.

86.    By Defendants breaching their duties, they, and each of them, caused Plaintiff's injuries, damages and losses.

87.    The crash was the fault of Defendant Woods.

88.    The crash was the fault of Defendant Ryder Truck.

89.    The crash was the fault of Defendant KeHE.

90.    At the time of the collision, the brakes on the involved Tractor-trailer, were in satisfactory working condition, with no mechanical defects.

91.    At the time of the collision, the involved Tractor-trailer was in satisfactory working condition in general, with no mechanical defects.

92.    At all material times relevant hereto, Defendant Ryder Truck, was the owner of the tractor involved in this collision.

93.    At all material times relevant hereto, Defendant Ryder Truck was the owner of the trailer involved in this collision.

94.    At all material times relevant hereto, Defendant Ryder Truck was the lessee of the tractor involved in this collision.

95.    At all material times relevant hereto, Defendant Ryder Truck was the lessee of the trailer involved in this collision.

96.    At all material times relevant hereto, Defendant KeHE was the owner of the tractor involved in this collision.

97.    At all material times relevant hereto, Defendant KeHE was the owner of the trailer involved in this collision.

98.    At all material times relevant hereto, Defendant KeHE was the lessee of the tractor involved in this collision.

99.    At all material times relevant hereto, Defendant KeHE was the lessee of the trailer involved in this collision.

100.    At all material times relevant hereto, there was an MCS-90 endorsement covering Defendant Woods, Defendant Ryder Truck, Defendant KeHE, and/or covering this incident.

101.   Defendant Woods, at all times material hereto and at the time of the subject crash, was an employee, agent, representative, independent contractor, contractor of, contract agent, and/or authorized driver for the Defendant Ryder Truck.

102.   Defendant Woods, at all times material hereto and at the time of the subject crash, was an employee, agent, representative, independent contractor, contractor of, contract agent, and/or authorized driver for the Defendant KeHE.

103.   Defendant Woods, at all times material hereto and at the time of the subject crash, was operating the Tractor-trailer for and on behalf of the Defendant Ryder Truck.

104.   Defendant Woods, at all times material hereto and at the time of the subject crash, was operating the Tractor-trailer for and on behalf of the Defendant KeHE.

105.   Defendant Woods, at all times material hereto and at the time of the subject crash, was operating the truck in the course and scope of his employment, agency, representative status, employee status, contractor status, hired driver status, and/or servant status with Defendant Ryder Truck.

106.   Defendant Woods, at all times material hereto and at the time of the subject crash, was operating the truck in the course and scope of his employment, agency, representative status, employee status, contractor status, hired driver status, and/or servant status with Defendant KeHE.

107.   At the time of the subject crash, Defendant Woods was driving the Tractor-trailer for the benefit of the Defendant Ryder Truck.

108.   At the time of the subject crash, Defendant Woods was driving the Tractor-trailer for the benefit of the Defendant KeHE.

109.   At the time of the subject crash, Defendant Woods was driving the Tractor-trailer under the direction of Defendant Ryder Truck.

110.   At the time of the subject crash, Defendant Woods was driving the Tractor-trailer under the direction of Defendant KeHE.

111.   At the time of the subject crash, Defendant Woods was driving the Tractor-trailer under the control and supervision of Defendant Ryder Truck.

112.   At the time of the subject crash, Defendant Woods was driving the Tractor-trailer under the control and supervision of Defendant KeHE.

113.   At the time of the subject crash, Defendant Woods was driving the Tractor-Trailer pursuant to the direction and control of Defendant Ryder Truck.

114. At the time of the subject crash, Defendant Woods was driving the Tractor-Trailer pursuant to the direction and control of Defendant KeHE.

115. The crash caused permanent injuries to Plaintiff.

116. The crash caused Plaintiff to seek medical treatment.

117. Defendant Woods' negligence caused injuries, damages and losses to the Plaintiff.

118. Defendant Ryder Truck's actions, decisions, omissions and/or failures to act, caused injuries, damages and losses to the Plaintiff.

119. Defendant KeHE's actions, decisions, omissions and/or failures to act, caused injuries, damages and losses to the Plaintiff.

120. As a direct and proximate result of the crash, Plaintiff Jason Hetrick suffered physical injuries, suffered past, present and future pain and suffering, permanent injuries, economic losses and damages, loss of ability to enjoy life, has incurred medical expenses and has sustained other injuries, damages and/or losses.

121. Plaintiff Jason Hetrick's physical injuries as a result of the above referenced crash include, but are not limited to, headaches, possible brain trauma, injuries to his neck, back, legs, and other personal injuries.

122. All damages are past, present and future.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANT BRANDON WOODS
(Negligence)

123. Plaintiff incorporates herein all of the Introductory Allegations and all other Claims for Relief as if set forth verbatim herein.

124. Defendant Brandon Woods operated the Tractor-Trailer in a careless and/or negligent manner and did so in a fashion as to cause the crash, thereby causing injuries, damages and losses to Plaintiff.

125. As a direct, immediate and proximate result of Defendant Woods' negligent actions and/or omissions, Plaintiff has been damaged and has suffered injuries, damages and losses.

126. As a direct, immediate and proximate result of Defendant Woods' negligence, Plaintiff has sustained injuries, which said injuries are of a permanent nature and which have caused the Plaintiff pain, suffering and discomfort and which will continue to cause him pain, suffering and discomfort.

127.   As a direct, immediate and proximate result of Defendant Woods' negligence, Plaintiff has sustained damages, injuries and losses, including, but not limited to, past, present and future medical expenses, past, present and future pain and suffering, ongoing medical care and treatment, physical injuries, distress, permanent injuries, economic losses and damages, loss of enjoyment of life, and all other injuries, damages and losses of the Plaintiff.

128.   All damages are in the past, present and future, whether so specifically delineated in each paragraph or not.

WHEREFORE, the Plaintiff prays for relief all as is more particularly hereinafter set forth.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT BRANDON WOODS
### (Negligence *Per Se*)

129.   Plaintiff incorporates herein all of the Introductory Allegations and all other Claims for Relief as if set forth verbatim herein.

130.   Defendant, Brandon Woods, operated the Tractor-trailer which caused a collision with Plaintiff's vehicle in violation of the traffic laws of this State, including, but not limited to C.R.S. §§ 42-4-1001(1), 42-4-1005, 42-4-1401, 42-4-1402, 42-4-1402(2), 42-4-1402(2)(b) and Common Code 139.

131.   Defendant Woods's driving violated C.R.S. § 42-4-1001(1).

132.   Defendant Woods's driving violated C.R.S. § 42-4-1005.

133.   Defendant Woods's driving violated C.R.S. § 42-4-1401.

134.   Defendant Woods's driving violated C.R.S. § 42-4-1402.

135.   Defendant Woods's driving violated C.R.S. § 42-4-1402(2).

136.   Defendant Woods's driving violated C.R.S. § 42-4-1402(2)(b).

137.   Defendant Woods's driving violated Common Code 139.

138.   Defendant Woods's driving caused the crash.

139.   Defendant Woods's driving caused Plaintiff's injuries.

140.   Defendant Woods does not know of any other source or cause of Plaintiff's injuries other than this crash.

141.    At the time of the collision at issue in this lawsuit, the Colorado Revised Statutes, Codes, Violation Codes and Common Codes which are specifically set forth in the preceding paragraphs were in full force and effect.

142.    Violation of the above-referenced statutes and/or codes constitutes negligence *per se*.

143.    As a direct, immediate and proximate result of Defendant Woods's negligence *per se*, Plaintiff has been damaged and has suffered injuries, damages and losses.

144.    As a direct, immediate and proximate result of Defendant Woods's negligence *per se*, Plaintiff has sustained damages, injuries and losses, including, but not limited to, past, present and future medical expenses, past, present and future pain and suffering, ongoing medical care and treatment, physical injuries, permanent injuries, economic losses and damages, loss of enjoyment of life, and all other injuries, damages and losses of the Plaintiff.

145.    All damages to the Plaintiff are in the past, present and future, whether so specifically delineated in each paragraph or not.

WHEREFORE, the Plaintiff prays for relief all as is more particularly hereinafter set forth.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANT RYDER TRUCK**
**(Respondeat Superior)**
**(Liability Pursuant to Employee, Agent, Contract Status**
**and/or Representative Status; Principal/Agent,**
**Employer/Employee, Master/Servant)**

146.    Plaintiff incorporates herein all of the Introductory Allegations and all other Claims for Relief as if set forth verbatim herein.

147.    Upon information and belief, at all times relevant to this action, including at the time of the crash, Defendant Brandon Woods was, is, and had been an employee, agent, contracting party, and/or representative of Defendant Ryder Truck and/or was acting within the course and scope of his employment, representation, contract and/or agency duties with Ryder Truck and, as such, binds, obligates and makes Defendant Ryder Truck liable to Plaintiff for all of his injuries, damages and losses.

148.    Defendant Brandon Woods was negligent and was, and is, employed by, agent of, contracting party of, and/or representative of Defendant Ryder Truck and working within the course and scope of his employment, agency, contract status, and/or representation at the time he was negligent and/or at the time of this collision.

149.   Defendant Ryder Truck is vicariously liable for the acts and omissions of its employee, agent, contracting party, and/or representative, Defendant Brandon Woods, who at all times relevant to this Complaint was acting within the course and scope of his employment, agency, contract status and/or representation while employed with, agent of, contracting party of, and/or representative of Defendant Ryder Truck.

150.   As a direct, immediate, and proximate result of the negligent conduct of Defendant Brandon Woods, which is imputed to Defendant Ryder Truck pursuant to the doctrines of Respondeat Superior, principal/agent, employer/employee, master/servant, contract status, and/or representative status, Plaintiff suffered injuries, damages, and losses.

151.   As a direct, immediate, and proximate result of the negligent conduct of Defendant Brandon Woods, which is imputed to Defendant Ryder Truck pursuant to the doctrines of Respondeat Superior, principal/agent, employer/employee, master/servant, contract and/or representative status, Plaintiff has sustained damages, injuries, and losses, including, but not limited to, past, present, and future medical expenses, past, present, and future pain and suffering, personal injuries, physical injuries, permanent injuries, emotional distress, psychological damages and losses, rehabilitation, for lost time, economic losses and damages, financial losses, economic losses, and attorney's fees and costs.

152.   Defendant Ryder Truck is liable to Plaintiff for all of his injuries, damages, and losses, including all financial losses.

153.   Defendant Ryder Truck is liable to Plaintiff for all of his injuries, damages, and losses, including pursuant to the doctrine of Respondeat Superior, principal/agent, employer/employee, master/servant, contract or representative status, and/or because at all times relevant herein, Defendant Brandon Woods was an agent, employee, representative, and/or contracting party of Defendant Ryder Truck; such that Defendant Ryder Truck is liable and responsible to Plaintiff for all of his injuries, damages, and losses and/or financial losses and/or losses of rights to recovery.

154.   All damages to the Plaintiff are in the past, present, and future, whether so specifically delineated in each paragraph or not.

WHEREFORE, the Plaintiff prays for relief all as is more particularly hereinafter set forth.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT RYDER TRUCK**
**(Negligent Hiring, Negligent Retention, Negligent Training,**
**Negligent Supervision, and Negligent Entrustment)**

155.    Plaintiff incorporates herein all of the Introductory Allegations and all other Claims for Relief as if set forth verbatim herein.

156.    At all times material, Defendant Ryder Truck had actual knowledge, or through the exercise of reasonable diligence, should have known that Defendant Brandon Woods was a disqualified driver pursuant to various FMCSR and DOT regulations and/or should not have been entrusted with the Semi-Truck, or any Commercial Vehicles.

157.    At a minimum, Defendant Ryder Truck owed the Plaintiff, Jason Hetrick, duties to use reasonable care in hiring Defendant Woods.

158.    At a minimum, Defendant Ryder Truck owed the Plaintiff, Jason Hetrick, duties to use reasonable care in entrusting a Commercial Vehicle to Defendant Woods and/or in retaining Defendant Woods to drive a Semi-Truck.

159.    At a minimum, Defendant Ryder Truck owed the Plaintiff, Jason Hetrick, duties to use reasonable care in entrusting a Commercial Vehicle to Defendant Woods.

160.    Defendant Ryder Truck was negligent, which negligence caused Plaintiff's injuries, damages and losses.

161.    Defendant Ryder Truck breached its duties when it failed in all of its duties, including:

   a.    in the hiring of Defendant Woods;
   b.    in the entrustment of Defendant Woods;
   c.    in the retention of Defendant Woods;
   d.    in the training of Defendant Woods;
   e.    in the supervision of Defendant Woods;
   f.    placing Defendant Woods in a position to drive a Commercial Vehicle;
   g.    failure to prevent the above referenced negligence, negligence *per se*, of Defendant Woods;
   h.    failure to properly train Defendant Woods;
   i.    entrusting Defendant Woods with the Semi-Truck and/or driving a Commercial Vehicle;
   j.    violating and/or failing to comply with the FMCSR and statutes and DOT Rules and Regulations;
   k.    failure in retaining Defendant Woods as a Semi-Truck operator; and allowing Defendant Woods to operate the Semi-Truck or any other Commercial Vehicle.

162.    Defendant Ryder Truck is liable to Plaintiff Jason Hetrick for all of his injuries, damages and losses.

163.   Defendant Ryder Truck is bound by the actions and/or omissions of Defendant Woods and/or is liable to the Plaintiff for his injuries, damages and losses, through the negligent hiring of Defendant Woods.

164.   Defendant Ryder Truck is bound by the actions and/or omissions of Defendant Woods and/or is liable to the Plaintiff for his injuries, damages and losses, through the negligent retention of Defendant Woods.

165.   All damages to the Plaintiff, Jason Hetrick, are in the past, present and future, whether so specifically delineated in each paragraph or not.

WHEREFORE, the Plaintiff prays for relief all as is more particularly hereinafter set forth.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT RYDER TRUCK
### (Negligence)

166.   Plaintiff incorporates herein all of the Introductory Allegations and all other Claims for Relief as if set forth verbatim herein.

167.   Negligent, including but not limited to, selecting, retaining, hiring, supervising, and/or entrusting Defendant KeHE.

WHEREFORE, the Plaintiff prays for relief all as is more particularly hereinafter set forth.

## SIXTH CLAIM FOR RELIEF AGAINST DEFENDANT KEHE DISTRIBUTERS a/k/a KEHE ENTERPRISES, LLC
### (Respondeat Superior)
### (Liability Pursuant to Employee, Agent, Contract Status and/or Representative Status; Principal/Agent, Employer/Employee, Master/Servant)

168.   Plaintiff incorporates herein all of the Introductory Allegations and all other Claims for Relief as if set forth verbatim herein.

169.   Upon information and belief, at all times relevant to this action, including at the time of the crash, Defendant Brandon Woods was, is, and had been an employee, agent, contracting party, and/or representative of Defendant KeHE and/or was acting within the course and scope of his employment, representation, contract and/or agency duties with Defendant KeHE and, as such, binds, obligates and makes Defendant KeHE liable to Plaintiff for all of his injuries, damages and losses.

170.   Defendant Brandon Woods was negligent and was, and is, employed by, agent of, contracting party of, and/or representative of Defendant KeHE and working within

the course and scope of his employment, agency, contract status, and/or representation at the time he was negligent and/or at the time of this collision.

171.    Defendant KeHE is vicariously liable for the acts and omissions of its employee, agent, contracting party, and/or representative, Defendant Brandon Woods, who at all times relevant to this Complaint was acting within the course and scope of his employment, agency, contract status and/or representation while employed with, agent of, contracting party of, and/or representative of Defendant KeHE.

172.    As a direct, immediate, and proximate result of the negligent conduct of Defendant Brandon Woods, which is imputed to Defendant KeHE pursuant to the doctrines of Respondeat Superior, principal/agent, employer/employee, master/servant, contract status, and/or representative status, Plaintiff suffered injuries, damages, and losses.

173.    As a direct, immediate, and proximate result of the negligent conduct of Defendant Brandon Woods, which is imputed to Defendant KeHE pursuant to the doctrines of Respondeat Superior, principal/agent, employer/employee, master/servant, contract and/or representative status, Plaintiff has sustained damages, injuries, and losses, including, but not limited to, past, present, and future medical expenses, past, present, and future pain and suffering, personal injuries, physical injuries, permanent injuries, emotional distress, psychological damages and losses, rehabilitation, for lost time, economic losses and damages, financial losses, economic losses, and attorney's fees and costs.

174.    Defendant KeHE is liable to Plaintiff for all of his injuries, damages, and losses, including all financial losses.

175.    Defendant KeHE is liable to Plaintiff for all of his injuries, damages, and losses, including pursuant to the doctrine of Respondeat Superior, principal/agent, employer/employee, master/servant, contract or representative status, and/or because at all times relevant herein, Defendant Brandon Woods was an agent, employee, representative, and/or contracting party of Defendant KeHE; such that Defendant KeHE is liable and responsible to Plaintiff for all of his injuries, damages, and losses and/or financial losses and/or losses of rights to recovery.

176.    All damages to the Plaintiff are in the past, present, and future, whether so specifically delineated in each paragraph or not.

WHEREFORE, the Plaintiff prays for relief all as is more particularly hereinafter set forth.

**SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANT KEHE DISTRIBUTERS a/ka/ KEHE ENTERPRISES, LLC (Negligent Hiring, Negligent Retention and Negligent Entrustment)**

177.   Plaintiff incorporates herein all of the Introductory Allegations and all other Claims for Relief as if set forth verbatim herein.

178.   At all times material, Defendant KeHE had actual knowledge, or through the exercise of reasonable diligence, should have known that Defendant Brandon Woods was a disqualified driver pursuant to various FMCSR and DOT regulations and/or should not have been entrusted with the Semi-Truck, or any Commercial Vehicles.

179.   At a minimum, Defendant KeHE owed the Plaintiff, Jason Hetrick, duties to use reasonable care in hiring Defendant Woods.

180.   At a minimum, Defendant KeHE owed the Plaintiff, Jason Hetrick, duties to use reasonable care in entrusting a Commercial Vehicle to Defendant Woods and/or in retaining Defendant Woods to drive a Semi-Truck.

181.   At a minimum, Defendant KeHE owed the Plaintiff, Jason Hetrick, duties to use reasonable care in entrusting a Commercial Vehicle to Defendant Woods.

182.   Defendant KeHE was negligent, which negligence caused Plaintiff's injuries, damages and losses.

183.   Defendant KeHE breached its duties when it failed in all of its duties, including:

   a.   in the hiring of Defendant Woods;
   b.   in the entrustment of Defendant Woods;
   c.   in the retention of Defendant Woods;
   d.   in the training of Defendant Woods;
   e.   in the supervision of Defendant Woods;
   f.   placing Defendant Woods in a position to drive a Commercial Vehicle;
   g.   failure to prevent the above referenced negligence, negligence *per se*, of Defendant Woods;
   h.   failure to properly train Defendant Woods;
   i.   entrusting Defendant Woods with the Semi-Truck and/or driving a Commercial Vehicle;
   j.   violating and/or failing to comply with the FMCSR and statutes and DOT Rules and Regulations;
   k.   failure in retaining Defendant Woods as a Semi-Truck operator; and allowing Defendant Woods to operate the Semi-Truck or any other Commercial Vehicle.

184.   Defendant KeHE is liable to Plaintiff Jason Hetrick for all of his injuries, damages and losses.

185.   Defendant KeHE is bound by the actions and/or omissions of Defendant Woods and/or is liable to the Plaintiff for his injuries, damages and losses, through the negligent hiring of Defendant Woods.

186.   Defendant KeHE is bound by the actions and/or omissions of Defendant Woods and/or is liable to the Plaintiff for his injuries, damages and losses, through the negligent retention of Defendant Woods.

187.   All damages to the Plaintiff, Jason Hetrick, are in the past, present and future, whether so specifically delineated in each paragraph or not.

WHEREFORE, the Plaintiff prays for relief all as is more particularly hereinafter set forth.

WHEREFORE, the Plaintiff, Jason Hetrick prays for judgment as follows:

On the account of the matters set forth in the Introductory Allegations and in the First and Second Claims for Relief, Plaintiff prays for judgment in favor of the Plaintiff, Jason Hetrick, and against Defendant, Brandon Woods, in an amount that will fully compensate Plaintiff for his injuries, damages and losses, in the past, present and future, including past, present and future medical expenses, past, present and future pain and suffering, personal injuries, physical injuries, permanent injuries, rehabilitation, emotional distress, brain injuries, brain trauma, for loss of ability to enjoy life as he did before the collision, for lost time, impaired earning capacity, economic losses and damages, out of pocket expenses, quality of life losses, for costs, expert witness fees, interest on such sums as is provided by law, including prejudgment interest, and for such other and further relief as to the Court appears proper in the premises.

On account of the matters set forth in the Introductory Allegations and in the Third, Fourth and Fifth Claims for Relief, Plaintiff prays for Judgment in favor of the Plaintiff, Jason Hetrick, and against the Defendant Ryder Truck in an amount that will fully compensate Plaintiff for his injuries, damages and losses, in the past, present and future, including past, present and future medical expenses, past, present and future pain and suffering, personal injuries, physical injuries, permanent injuries, rehabilitation, emotional distress, brain injuries, brain trauma, for loss of ability to enjoy life as he did before the collision, for lost time, impaired earning capacity, economic losses and damages, out of pocket expenses, quality of life losses, for costs, expert witness fees, interest on such sums as is provided by law, including prejudgment interest, and for such other and further relief as to the Court appears proper in the premises.

On account of the matters set forth in the Introductory Allegations and in the Sixth and Seventh Claims for Relief, Plaintiff prays for Judgment in favor of the Plaintiff, Jason Hetrick, and against the Defendant KeHE in an amount that will fully compensate Plaintiff for his injuries, damages and losses, in the past, present and future, including past, present and future medical expenses, past, present and future pain and suffering, personal injuries, physical injuries, permanent injuries, rehabilitation, emotional distress,

brain injuries, brain trauma,  for loss of ability to enjoy life as he did before the collision, for lost time, impaired earning capacity, economic losses and damages, out of pocket expenses, quality of life losses, for costs, expert witness fees, interest on such sums as is provided by law, including prejudgment interest, and for such other and further relief as to the Court appears proper in the premises.

**PLAINTIFF HEREBY DEMANDS A TRIAL TO A JURY OF SIX (6) PERSONS**.

Respectfully submitted this 12th day of April, 2018.

BELL & POLLOCK, P.C.

*(Original Signature on file at Bell & Pollock, P.C.)*

/s/ A Gary Bell, Jr.

By_____

A Gary Bell, Jr.

Plaintiff Jason Hetrick's Address:
c/o Bell & Pollock, P.C.
5660 Greenwood Plaza Blvd., Suite 220
Greenwood Village, Colorado 80111