IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-02196-PAB

JASON HETRICK,

   Plaintiff,

v.

BRANDON P. WOODS,
RYDER TRUCK RENTAL, INC., a Florida corporation, and
KEHE DISTRIBUTORS a/k/a KeHE Enterprises LLC, an Illinois corporation,

   Defendants.

## SECOND ORDER TO SHOW CAUSE

This matter comes before the Court on the order to show cause [Docket No. 36] entered by Magistrate Judge Tafoya on February 11, 2019 and defendants' Response to the Order to Show Cause [Docket No. 43] filed on February 21, 2019. Defendants assert that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Docket No. 1 at 1, ¶ 3.

Defendants removed this case from the District Court for Baca County, Colorado on August 27, 2018. Docket No. 1. On February 11, 2019, Judge Tafoya entered an order stating that she was unable to determine whether the Court had subject matter jurisdiction because defendants had failed to allege the citizenship of the members of defendant KeHE Distributors a/k/a KeHE Enterprises, LLC. *See* Docket No. 36 (citing *Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233 (10th Cir. 2015), for the proposition that "an LLC, as an unincorporated association, takes the citizenship of

all of its members"). Judge Tafoya directed the defendants to show cause why this case should not be remanded to state court due to the Court's lack of subject matter jurisdiction. *Id.*

Defendants filed their response to the show cause order on February 21, 2019. Docket No. 43.[1] In the response, defendants correctly trace the citizenship of KeHE Distributors to KeHE Distributors Holdings, LLC ("KDH"). *See* Docket No. 43 at 1, 3 (stating that KeHE Distributors, a/k/a KeHE Enterprises, LLC, is 100% owned by KeHE Distributors, LLC, which is 100% owned by KeHE Distributors Holdings, LLC). However, defendants' allegations fail to establish the citizenship of KDH's members. Defendants assert that KDH is owned by several entities, including KeHE Distributors, Inc. ("KDI"), Prudential Capital Partners III, L.P. ("PC Partners"), PCP-III K-Food Distributions Holdings, L.P. ("PCP-III"), Prudential Capital Partners Management Fund III, L.P. ("PCPMF"), and KH Group Investors, LLC ("KHGI"). *Id.* at 3. Defendants further allege the state of organization and principal place of business for each entity. *See id.* However, the names of PC Partners, PCP-III, and PCPMF end with "L.P," meaning that these entities are limited partnerships, not corporations. The citizenship of a limited partnership is determined not by its state of organization or principal place of business, but by the citizenship of all of its partners. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). Because defendants have not identified all of the partners of PC Partners, PCP-III, and PCPMF or the citizenship of those partners, the Court is presently unable to determine the citizenship of the limited partnerships. *Cf.*

---

[1]Defendants requested – and were granted – an extension of time to file their response. *See* Docket No. 42.

*Fifth Third Bank v. Flatrock 3, LLC*, 2010 WL 2998305, at *3 (D.N.J. July 21, 2010) (concluding that an allegation that "upon information and belief, the members of [an LLC] are citizens of New York" was insufficient because plaintiff "failed to identify or trace the citizenship of each individual member" of the LLC (internal quotation marks omitted)).

Defendants' allegations with respect to KHGI are also deficient. Defendants state that KHGI is owned by a Michigan corporation and "several Florida-based trusts" whose trustees and beneficiaries are residents of Michigan. Docket No. 43 at 4. The citizenship of a trust is "derived from all the trust's members, which includes the trust's beneficiaries." *Nichols v. Chesapeake Operating, LLC*, 718 F. App'x 736, 739 n.1 (10th Cir. 2018) (unpublished) (internal quotation marks omitted) (quoting *Conagra Foods, Inc. v. Americold Logistics, LLC*, 776 F.3d 1175, 1181 (10th Cir. 2015), *aff'd sub nom*, *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012 (2016)). Here, defendants allege that the trustees and beneficiaries of the Florida-based trusts are "residents of Michigan." Docket No. 43 at 4. However, residency in a state without an intent to remain is not determinative of a party's citizenship for purposes of diversity jurisdiction. *See Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) ("[A] person acquires domicile in a state when the person resides there and intends to remain there indefinitely."); *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."); *see also Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with

'residence,' and one can reside in one place but be domiciled in another." (citations omitted)).

In summary, defendants' response to the February 11, 2019 show cause order does not sufficiently establish the citizenship of KDH for purposes of diversity jurisdiction. The Court is therefore unable to determine the citizenship of defendant KeHE Distributors a/k/a KeHE Enterprises, LLC or whether the Court has subject matter jurisdiction. Wherefore, it is

**ORDERED** that, on or before **5:00 p.m.** on **March 13, 2019**, defendants shall show cause why this case should not be remanded to state court due to the Court's lack of subject matter jurisdiction.

DATED March 5, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge