IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-02196-PAB

JASON HETRICK,

    Plaintiff,

v.

BRANDON P. WOODS,
RYDER TRUCK RENTAL, INC., a Florida corporation, and
KEHE DISTRIBUTORS a/k/a KeHE Enterprises LLC, an Illinois corporation,

    Defendants.

---

# ORDER

---

This matter comes before the Court on defendants' Response to Second Order to Show Cause [Docket No. 45]. Defendants assert that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Docket No. 45 at 3-4; Docket No. 1 at 1, ¶ 3.

Defendants removed this case from the District Court for Baca County, Colorado on August 27, 2018. Docket No. 1. On February 11, 2019 and March 5, 2019, the Court ordered defendants to show cause why this case should not be remanded to state court due to the Court's lack of subject matter jurisdiction. *See* Docket Nos. 36, 44. In the March 5, 2019 show cause order, the Court noted that defendants' allegations with respect to KeHE Distributors Holdings, LLC ("KDH"), a member of defendant KeHE Distributors a/k/a KeHE Enterprises, LLC, were insufficient to allow the Court to determine whether the parties were completely diverse. *See* Docket No. 44 at 2-3. Specifically, defendants had failed to identify the partners/members of Prudential

Capital Partners III, L.P. ("PC Partners"), PCP-III K-Food Distributions Holdings, L.P. ("PCP-III"), Prudential Capital Partners Management Fund III, L.P. ("PCPMF"), and KH Group Investors, LLC ("KHGI") – all members of KDH – or the citizenship of those partners/members. *Id.*

Defendants filed their response to the Court's March 5, 2019 show cause order on March 13, 2019, *see* Docket No. 45, along with an exhibit purporting to establish the citizenship of the various members of KDH. Docket No. 46. The Court finds defendants' response deficient in several respects. First, the spreadsheet listing the partners of PC Partners, PCP-III, and PCPMF only identifies the partners' states of residence. *See* Docket No. 46 at 3-7. As noted in the Court's previous order, residence is not the equivalent of domicile for purposes of diversity jurisdiction. *See* Docket No. 44 at 3.[1] Moreover, the Court is unable to determine the citizenship of several of the entity partners listed in the spreadsheet without further information. For example, defendants identify 196 Investors, LLC, AIMCO Private Fund I, LLC, and Hanging Valley Investments, LLC as partners of PC Partners, *see* Docket No. 46 at 3, but do not include any allegations or evidence identifying the members of the limited liability companies or the citizenship of those members. Because the citizenship of an LLC depends on the citizenship of all of its members, the Court is unable to determine whether PC Partners is diverse from plaintiff. *Cf. Fifth Third Bank v. Flatrock 3, LLC*,

---

[1]The Court also notes that a corporation can be domiciled in two different states – the state in which it is incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). The spreadsheet submitted by defendants lists only one state of residence for each of the corporate partners of PC Partners. *See* Docket No. 46 at 3.

2010 WL 2998305, at *3 (D.N.J. July 21, 2010) (concluding that an allegation that "upon information and belief, the members of [an LLC] are citizens of New York" was insufficient because plaintiff "failed to identify or trace the citizenship of each individual member" of the LLC (internal quotation marks omitted)).

Finally, defendants' evidence is not sufficient to establish the citizenship of KHGI. Defendants have submitted a chart showing that KHGI is owned by "individually named owners, including the RDV Corporation, which are all domiciled in Michigan." Docket No. 45 at 3; *see also* Docket No. 46 at 1. However, the chart does not provide a clear basis for finding that the individually named owners – who actually appear to be trusts – are domiciled in Michigan. *See* Docket 46 at 1. The citizenship of trusts is determined through a different set of rules that defendants do not address. *See generally Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012 (2016). And the printout regarding RDV Corporation states only that the "firm was incorporated in 1991 and is based in Grand Rapids, Michigan," *id.* at 8, which does not foreclose the possibility that RDV Corporation was incorporated in another state.

For the foregoing reasons, defendants' response to the Court's March 5, 2019 show cause order does not sufficiently establish the citizenship of KDH for purposes of showing diversity jurisdiction. While defendants state that there are so many Prudential Capital entities "it would be impossible to identify each owner beyond those identified" in the response, Docket No. 45 at 3, the fact that it may be difficult to determine the citizenship of the parties does not absolve defendants of their responsibility to allege a sufficient basis for jurisdiction as a threshold matter. *See Radil v. Sanborn W. Camps,*

*Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004) ("The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."); *United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (internal quotation marks omitted)). This is particularly true when, as in this case, defendants are being asked to determine their own citizenship. Because the Court is unable to determine whether it has subject matter jurisdiction over this case, it is

**ORDERED** that this case is remanded to the District Court for Baca County, Colorado, where it was filed as Case No. 2018CV30002. It is further

**ORDERED** that this case is closed.

DATED April 9, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge

4